## GARDNER v. AIRWAY MOTOR COACH LINES, Inc., et al.

No. 6885.   Decided February 18, 1946.   (166 P. 2d 196.)

See 25 C. J. S., Damages, sec. 41; 5 Am. Jur., 908.

*White, Wright & Arnovitz,* of Salt Lake City, for appellant.

*Thomas, Jensen & Armstrong* and *R. A. Burns,* all of Salt Lake City, for respondents.

WOLFE, Justice.

Appeal from a decision of the Third District Court denying appellant damages for loss of use of her automobile which was damaged as a result of the negligence of respondent's driver.

Appellant was for about ten years prior to October, 1943, engaged in the business of dog training and handling in and around New York City. Appellant had to use her automobile in that business. In October, 1943, appellant gave up her lease on the house and land where she lived and had her business, and drove to Texas to be with her soldier hus-

band who was stationed at an army camp there. Approximately one month after appellant arrived in Texas her husband was transferred to Ft. Douglas, Utah.

With appellant's consent and approval her husband drove her car to Salt Lake City with the understanding that he was to secure living quarters for appellant. Appellant intended to stay in Texas until the living quarters were secured at which time she intended to join her husband in Salt Lake City.

On the 25th day of November, 1943, shortly after appellant's husband arrived in Salt Lake City and while appellant was still in Texas, respondent's bus, due to the negligence of respondent's driver, ran into and damaged appellant's automobile. The damaged vehicle was taken by respondent to a garage for repairs. Due to wartime conditions and without the fault of the garage, respondent or appellant, parts for the vehicle could not be readily obtained. The vehicle was not finally repaired until August, 1944, approximately eight months after the accident.

Instead of proceeding to Salt Lake City to join her husband as originally planned appellant returned to New York on or about the 4th of December, 1943. Appellant did not take up her business of dog handling but obtained other employment.

Appellant asked as damages for the loss of the business use of her car the difference between the amount she estimates she would have made in the dog handling business in eight months and the amount she actually made in her other employment during the eight months while her automobile was being repaired. Appellant also contends she is entitled to damages for the loss of use of the car for pleasure.

Respondent admitted liability from its employee's negligence and did not contest the claim for damages to the automobile and contents thereof but did contest appellant's claim for damages due to loss of use of the vehicle. The case was heard by the trial court sitting without a jury.

There is no evidence in the record on which the lower court could have found damages due to loss of use for

pleasure. It is, therefore, not necessary for us to decide whether appellant's complaint alleges damages for loss of use for pleasure. Neither need we decide whether or not recovery can be had for loss of use of an automobile for pleasure.

The trial court's finding of no loss to appellant for business use was apparently based on the theory that plaintiff had given up her dog handling business upon her departure from New York and so could not have given it up because of the loss of use of her automobile. When appellant left New York she gave up her lease on the property she had used for her business. She was in Texas over one month and at one time intended to proceed to Utah for some additional time. There is no evidence that when she left New York she intended to return to continue her business. The evidence rather supports an inference to the contrary. These facts support the trial court's finding of no business loss, for, if the business were abandoned by appellant before her car was damaged, she had no business that was affected by damage to her automobile. We cannot say that as a matter of law the evidence as shown by the record does not support the lower court's findings.

The decision is affirmed. Costs to respondent.

LARSON, C. J., and McDONOUGH, TURNER, and WADE, JJ., concur.